**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| ERIC DRAKE, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-02636-JTF-atc |
| | ) | |
| FEDEX GROUND PACKAGE SYSTEM, | ) | |
| INC., et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPORT AND RECOMMENDATION TO GRANT IN PART MOTION TO DISMISS,
OR IN THE ALTERNATIVE, TO TRANSFER VENUE; TO TRANSFER VENUE TO
THE NORTHERN DISTRICT OF TEXAS; AND TO DENY WITHOUT PREJUDICE
MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Before the Court by Order of Reference[1] is the Motion to Dismiss Plaintiff's Third
Amended Complaint for Lack of Personal Jurisdiction and Improper Venue, or in the alternative,
Motion to Transfer Venue ("Motion to Dismiss"), filed by Defendant FedEx Ground Package
System, Inc. ("FedEx Ground") on March 14, 2023.  (ECF No. 68.)  Plaintiff Eric Drake filed his
Response to the Motion to Dismiss on March 28, 2023 (ECF No. 71), to which FedEx Ground
filed a Reply on April 11, 2023 (ECF No. 73).  Also before the Court is Drake's Motion for
Leave to File a Fourth Amended Complaint ("Motion to Amend"), filed on March 28, 2023.
(ECF No. 70.)  FedEx Ground filed a Response to the Motion to Amend on April 11, 2023.
(ECF No. 72.)  Without leave of Court, on April 28, 2023, Drake filed a document entitled

---

[1] On September 1, 2023, United States District Court Judge John T. Fowlkes Jr. referred the
motions discussed herein to the undersigned for report and recommendation/and or
determination in accordance with 28 U.S.C. § 636.  (ECF No. 77.)

"Third Response and Opposition to FedEx Ground's Motion to Dismiss and Motion to Transfer Venue and Claims of Bad Faith." (ECF No. 74.) Though unauthorized,[2] the Court will consider this submission and its arguments concerning both the Motion to Dismiss and Motion to Amend.

Because of the overwhelming connections to Texas as alleged in the various iterations of Drake's Complaints, the lack of any meaningful connection to this District, and the balance of relevant factors for venue transfer under 28 U.S.C § 1404(a), the Court recommends that the Motion to Dismiss be granted in part, but only with respect to its § 1404(a) venue transfer request; that the Motion to Amend be denied without prejudice; and that the case be transferred to the United States District Court for the Northern District of Texas.

## PROPOSED FINDINGS OF FACT

On August 23, 2022, this Court issued a Report and Recommendation ("R&R") (ECF No. 40) that addressed multiple motions, including a Motion to Dismiss the Amended Complaint (ECF No. 19). After discussing Drake's factual allegations and claims against the then-named Defendants, the R&R recommended dismissal of some of Drake's claims and that he be allowed to proceed with others. On December 5, 2022, Judge Fowlkes issued an Order Adopting, Modifying, and Rejecting in Part the R&R. (ECF No. 51.) In that Order, Judge Fowlkes held that all of Drake's claims in the case at the time were dismissed, with the exception of his proposed 42 U.S.C. § 1981 claim against FedEx Ground. (*Id.*) Judge Fowlkes granted Drake leave to file a Second Amended Complaint to name FedEx Ground as the sole defendant and to allege only his § 1981 claim. (*Id.* at 22–23.) Drake filed his Second Amended Complaint on

---

[2] Local Rule 7.2(c) provides that, "[e]xcept as provided by LR 12.1(c) and LR 56.1(c), reply memoranda may be filed only upon court order granting a motion for leave to reply." Because Drake did not seek leave to file his Reply in support of his Motion to Amend, it was unauthorized. Conversely, FedEx Ground's Reply in support of its Motion to Dismiss was authorized without prior leave of Court pursuant to Local Rule 12.1(c).

January 20, 2023, bringing only a § 1981 claim against FedEx Ground.  (ECF No. 60.)  Without

leave of Court, Drake filed his Third Amended Complaint on February 28, 2023 (ECF No. 65),

which is substantively similar to his Second Amended Complaint—both of which are

substantively similar to his proposed Fourth Amended Complaint (ECF No. 70-1.)  For purposes

of this Report and Recommendation, the Court construes the Second and Third Amended

Complaints together, but in any event, their factual allegations are largely identical—as are the

allegations in Drake's proposed Fourth Amended Complaint.

As relevant here, the facts before the Court as alleged in the Second, Third, and proposed

Fourth Amended Complaints are essentially the same as the facts recounted in Judge Fowlkes's

Order on the R&R:

> Drake's complaints stem from an interaction he had with Cole Brewster, who
> Drake asserts was delivering packages for FedEx on December 16, 2020, in
> Dallas, Texas.  Drake alleges he arrived at a UPS store to retrieve a package that
> was to be delivered there by FedEx, and that he approached Brewster, who was
> driving a FedEx branded truck, to see if the package was in the truck.  After some
> initial dismissiveness, Drake followed Brewster into the store and picked up a
> package, although not the one he had been expecting.  Upon exiting the store,
> Brewster became belligerent, calling Drake "nigger" and "crusty old nigger" and
> threatening him physically while assuming a "fighting stance."  Drake eventually
> walked away, put the package in his vehicle, and went back to collect the license
> plate information from the truck, at which point Brewster continued to harass
> Drake with racist language and threats.  Drake reported the incident at a FedEx
> location in Mesquite, Texas, and sent an email to [then] Defendant Frederick
> Smith about the incident, but never received a response.  Drake asserts that he is
> owed . . . damages because of the incident, due to his contract with FedEx to
> deliver a package to him and because he paid FedEx to deliver his package and
> the services thereof, but FedEx violated that contract.

(ECF No. 51, at 7 (citations omitted).)  As was true at the time of Judge Fowlkes's Order, and as

alleged in the Second, Third, and proposed Fourth Amended Complaint, "the underlying incident

happened in Texas, Brewster was presumptively a resident of Texas, and Drake is allegedly a

Georgia resident who uses a P.O. Box in Texas as his mailing address."  (*Id.* at 18.)  "Regarding

the contract, it is not clear where the alleged contract to deliver the package was made.

However, all signs point to Texas, given that the package was to be delivered there and Drake

was physically present to receive it.  Further, there is no evidence of a different intent, and Drake

himself cites Texas law under his [previous] breach of contract claim."  (*Id.*)  In summary,

"Texas has the most significant relationship to the events at issue.  The incident occurred in

Texas, the conduct causing the injuries occurred in Texas, and the relationship between Drake

and FedEx here was clearly centered around Texas."  (*Id.* at 18–19.)

**PROPOSED CONCLUSIONS OF LAW**

## I.    General Venue Transfer Considerations Under § 1404(a)

Because the Court recommends transferring the case to a different district under

§ 1404(a), it is unnecessary for the Court to assess whether it has general or specific personal

jurisdiction over FedEx Ground or whether venue is proper here under 28 U.S.C. § 1391.  *See,*

*e.g.*, *Goode v. City of Southaven*, No. 2:16-cv-02029-SHM, 2017 WL 11316500, at *5 (W.D.

Tenn. Mar. 30, 2017) ("A district court may rule on a motion to dismiss for improper venue or,

in the alternative, to transfer pursuant to 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a) without first

ruling on a pending motion to dismiss for lack of personal jurisdiction.") (collecting cases);

*Stevens Yachts of Annapolis, Inc. v. Am. Yacht Charters, Inc.*, 571 F. Supp. 467, 468 (E.D. Penn.

1983) ("In order to transfer pursuant to 28 U.S.C. § 1404(a), a finding of jurisdiction in the

transferring court is unnecessary, but transfer must be to a 'district or division where the action

might have been brought.'" (quoting *United States v. Berkowitz*, 328 F.2d 358, 359 (3d Cir.

1964), *cert. denied*, 379 U.S. 821 (1964))).

Even if FedEx Ground were subject to either general or specific personal jurisdiction in

this Court, and even if the Western District of Tennessee were an acceptable venue under § 1391,

4

transfer to the Northern District of Texas would still be warranted.  28 U.S.C § 1404(a) provides

that a district court may transfer a civil action to any other district where it might have been

brought "for the convenience of parties and witnesses" and "in the interest of justice."  "A

district court possesses broad discretion in deciding whether to transfer venue, and the party

seeking a transfer under § 1404(a) bears the burden of demonstrating by a preponderance of the

evidence that transfer to another district is warranted."  *Goode*, 2017 WL 11316500, at *7

(quoting *United States v. Gonzales & Gonzalez Bonds & Ins. Agency, Inc.*, 677 F. Supp. 2d 987,

991 (W.D. Tenn. 2010)).  "Under the preponderance standard, 'the movant must show that the

forum to which he desires to transfer the litigation is the *more convenient one vis a vis* the

plaintiff's initial choice.'"  *Id.* (quoting *Roberts Metals, Inc. v. Fla. Props. Mktg. Grp., Inc.*, 138

F.R.D. 89, 93 (N.D. Ohio 1991)).  "The plaintiff's choice of forum will be given deference

unless the defendant makes an appropriate showing."  *Id.* (quoting *Nisby v. Barden Miss.*

*Gaming, LLC*, No. 2:06-cv-02799-SHM, 2007 WL 6892326, at *5 (W.D. Tenn. Sept. 24, 2007)).

## II.    Personal Jurisdiction and Venue in the Transferee District

    "In determining whether to transfer a case under § 1404(a), the court must first determine

whether the claim could have been brought in the transferee district."  *Id.* (quoting *B.E. Tech.,*

*LLC v. Facebook, Inc.*, 957 F. Supp. 2d 926, 929 (W.D. Tenn. 2013)). "This generally means

that the plaintiff has to have had the right to bring its case in the transferee district, which would

require proper venue and personal jurisdiction over the defendants in the transferee district."  *Id.*

(quoting *Gonzales*, 677 F. Supp. 2d at 992 (quotation marks omitted)).  Here, there is no question

that the Northern District of Texas has both personal jurisdiction over FedEx Ground and that

venue would be proper there.

5

"[C]laim-specific jurisdiction" requires "three conditions": (1) "the defendant must purposefully avail itself of the privilege of conducting activities in the forum State"; (2) "the plaintiff's claim must arise out of or relate to those purposeful contacts"; and (3) exercising personal jurisdiction "must be fair and reasonable to the defendant."[3] *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 317–18 (5th Cir. 2021) (internal quotations omitted) (quoting, e.g., *Ford Motor Co. v. Mont. Eight Jud. Distr. Ct.*, – U.S. –, 141 S. Ct. 1017, 1024 (2021)).  As Judge Fowlkes has already held in this case, and as alleged in the various iterations of the Complaints, "[the Northern District of] Texas[4] has the most significant relationship to the events at issue.  The incident occurred in Texas, the conduct causing the injuries occurred in Texas, and the relationship between Drake and FedEx Ground here was clearly centered around Texas."  (ECF No. 51, at 18–19.)  Furthermore, though "it is not clear where the alleged contract to deliver the package was made[], all signs point to [Dallas,] Texas, given that the package was to be delivered there and Drake was physically present to receive it."  (*Id.* at 18.)  These facts as found by Judge Fowlkes and as pled by Drake are sufficient to establish personal jurisdiction over FedEx Ground in the Northern District of Texas, insofar as FedEx Ground purposely availed itself of the privilege of doing business in Texas, Drake's alleged § 1981 claim arises out

---

[3] "If the plaintiff successfully satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable."  *Seiferth v. Heliocopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006) (quotation omitted).  The third prong in turn involves a five-factor test: "(1) the burden on the nonresident defendant; (2) the interests of the forum state; (3) the plaintiff's interest in obtaining relief; (4) the interstate judicial system's interest in the most efficient resolution of controversies; and (5) the shared interests of the several states in furthering fundamental social policies." *Id.* at 276 (quotation omitted).  Based on the parties' submission, none of these factors would suggest that the exercise of specific personal jurisdiction over FedEx Ground in the Northern District of Texas would be unfair or unreasonable.

[4] Though Judge Fowlkes refers to Texas generally, all of the events he refers to occurred in the Dallas, Texas area (as alleged by Drake), which is located within the Northern District of Texas.

of FedEx Ground's business with him in Texas, and exercising personal jurisdiction would be fair and reasonable.  Likewise, venue would be proper in the Northern District of Texas, as all of the facts leading up to and including Drake's confrontation with Brewster took place in Dallas, Texas, and thus the Northern District of Texas is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ."  28 U.S.C. § 1391(b)(2).

Furthermore, by requesting transfer to the Northern District of Texas, FedEx Ground has conceded to personal jurisdiction and venue in that district.  (*See* ECF No. 68-1, at 7 ("[T]he alleged conduct underlying Plaintiff's Section 1981 claim occurred in the Northern District of Texas, and the Northern District of Texas would have personal jurisdiction over Plaintiff and Defendant.").)  And FedEx Ground appears to be correct: for purposes of venue, a corporate entity "shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ."  28 U.S.C. § 1391(c)(2); *see also Kendrick v. Amazon*, No. 2:21-cv-02699-SHL-cgc, 2022 WL 16739870, at *3 (W.D. Tenn. Jul. 7, 2022), *report and recommendation adopted*, 2022 WL 4798188 (W.D. Tenn. Oct. 3, 2022) ("'If a corporate defendant is subject to personal jurisdiction in a judicial district, it is deemed to reside there for purposes of venue,'" and thus "'not challenging personal jurisdiction . . . establishes venue.'" (quoting *Centerville ALF, Inc. v. Balanced Care Corp.*, 197 F. Supp. 2d 1039, 1046–48 (S.D. Ohio 2002); *Twenty First Century Comm., Inc. v. Techradium, Inc.*, No. 2:09-cv-118, 2010 WL 3001721, at *4 (S.D. Ohio July 30, 2010))).  FedEx Ground has acknowledged the Northern District of Texas's personal jurisdiction over it, and therefore venue is proper in that court.

### III.    Balancing Private and Public Factors under § 1404(a)

Having determined that the Northern District of Texas would have personal jurisdiction over FedEx Ground and that venue would be proper there, "the court must then determine whether party and witness 'convenience' and 'the interest of justice' favor transfer to the proposed transferee district." *Goode*, 2017 WL 11316500, at *7 (quoting *Gonzales*, 677 F. Supp. 2d at 992). "A district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Id.* (quoting *Moses v. Bus. Card Express, Inc.*, 929 F. 2d 1131, 1137 (6th Cir. 1991)). Private-interest factors include:

> (1) the convenience to the parties; (2) the convenience of witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; and (6) the practical problems indicating where the case can be tried more expeditiously and inexpensively.

*Id.* (quoting *Smith v. Kyphon, Inc.*, 578 F. Supp. 2d 954, 962 (M.D. Tenn. 2008)). Factors relevant to public-interest concerns include: "(1) the enforceability of the judgment; (2) practical considerations affecting trial management; (3) docket congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law." *Id.* (quoting *Smith*, 578 F. Supp. 2d at 962). "A court 'may consider any factor that may make any eventual trial easy, expeditious, and inexpensive.'" *Id.* (quoting *Nisby*, 2007 WL 6892326, at *5).

"The convenience of the parties and witnesses is widely viewed as the most important factor." *St. Jude Hosp. v. Trs. of Univ. of Pa.*, No. 2:12-cv-02579, 2012 WL 13028121, at *3 (W.D. Tenn. Oct. 12, 2012) (citing *Odom Indus., Inc. v. Diversified Metal Prods., Inc.*, No. 1:12-

cv-309, 2012 WL 4364299, at *16 (S.D. Ohio Sept. 24, 2012)).  FedEx Ground contends that

venue in the Northern District of Texas would be "more convenient for witnesses and would

make it easier and less expensive to compel the attendance of unwilling witnesses and obtain

willing witnesses."  (ECF No. 68-1, at 7.)  Drake argues that witnesses are also in Tennessee and

that his choice of venue should not be disturbed because "a plaintiff's choice of forum clearly

remains one of the many factors for a court to consider when deciding whether to transfer a case

pursuant to § 1404(a)."  (ECF No. 71, at 11.)

Concerning convenience to the parties, "Drake is allegedly a Georgia resident who uses a

P.O. Box in Texas as his mailing address."  (ECF No. 51, at 18.)  The record contains no

indications that Drake has any connections or relationship to the Western District of Tennessee,

other than communications he allegedly sent to employees of related FedEx corporate entities in

Tennessee.  In contrast, Drake's Complaints reflect that he has potentially significant

connections to Dallas, Texas, "given that the package was to be delivered there and Drake was

physically present to receive it."  (*Id*.)  FedEx Ground's principal place of business is in

Pennsylvania, and it is incorporated in Delaware (ECF No. 68-1, at 4), and it does business in

both this district and the Northern District of Texas.  This factor thus favors transfer to the

Northern District of Texas, given Drake's lack of connection to this district and his apparent

connections to Dallas, Texas.

Concerning convenience to witnesses, other than Drake and Brewster, the Record does

not identify witnesses to the interaction Drake had with Brewster in Dallas, Texas, on December

16, 2020.  However, as alleged, "the incident occurred in [Dallas,] Texas, the conduct causing

the injuries occurred in Texas, and the relationship between Drake and FedEx here was clearly

centered around Texas."  (ECF No. 51, at 18–19.)  As such, any potential witnesses or evidence

9

not under the control of either Drake or FedEx Ground are most likely to be found in the Northern District of Texas, notably including Brewster.[5]  Drake does not identify any potential witnesses in Tennessee who are not employees of FedEx Ground or related FedEx corporate entities.[6]  Any inconvenience to those witnesses in Tennessee would thus be borne by FedEx Ground and does not weigh against the transfer requested by FedEx Ground.

Access to additional sources of non-testimonial proof, if any, is better served by transfer because, as discussed, as all of the events leading up to and including Drake's confrontation with Brewster took place in Dallas, Texas.  And the final factor—practical problems indicating where the case can be tried more expeditiously and inexpensively—is not addressed by the parties and does not appear relevant beyond what has already been addressed.  Based on the foregoing, the private-interest factors weigh heavily in favor of transfer to the Northern District of Texas.

With respect to the public-interest factors, only the fourth factor—the local interest in deciding local controversies at home—appears relevant here.  And this factor weighs heavily in favor of transfer to the Northern District of Texas as well.  "[Dallas,] Texas has the most significant relationship to the events at issue.  The incident occurred in Texas, the conduct causing the injuries occurred in Texas, and the relationship between Drake and FedEx here was

---

[5] Drake has been granted permission to amend his pleadings to name Brewster as a defendant. (ECF No. 75.)  Assuming Drake does so, Brewster will become a party, and the availability of compulsory service of a witness subpoena on him will no longer be a relevant consideration.  It nevertheless appears that Brewster is located in Texas—as the confrontation took place while he was making deliveries in Dallas—and thus the Northern District of Texas appears to be a more convenient forum to him than the Western District of Tennessee.

[6] In his proposed Fourth Amended Complaint, Drake alleges that, following his confrontation with Brewster, he exchanged emails with Judy Edge, "FedEx[] Corporation's vice president of human resources," who purportedly resides in Memphis, Tennessee.  (ECF No. 70-1 ¶¶ 80–82.)  Drake also alleges that he "thereafter made contact with FedEx national customer service, which is located in Memphis Tennessee."  (*Id* ¶ 85.)  Otherwise, Drake has not identified potential witnesses purportedly located in this district.

clearly centered around Texas." (ECF No. 51, at 18–19.) The Northern District of Texas has a local interest in resolving allegations of § 1981 civil rights violations that occur in Dallas. As such, the only public-interest factor at issue here also favors transfer.

Finally, the Court addresses the issue of Drake's choice of forum and the weight given to his selection. Though it is true that a plaintiff's choice generally is given deference, "the plaintiff's choice of forum is entitled to significantly less weight where the forum has little connection with the matter in controversy." *St. Jude*, 2012 WL 13028121, at *4; *see also Myer v. Miriam Collins-Palm Beach Lab'y, Co.*, No. 85-3457, 1986 WL 3584, at *4 (E.D. Penn. Mar. 17, 1986) (recognizing that, "[g]enerally, of course, a plaintiff's choice of forum is to be given paramount consideration. Obviously, however, this does not mean that this factor must always override all others; otherwise, a 28 U.S.C. § 1404(a) transfer would be impossible," and granting a motion to transfer venue because "most, if not all, of the operative facts took place in the [transferee] district"). As discussed above, the Northern District of Texas has the most significant relationship to the events at issue. Other than some communications Drake sent to employees of related FedEx corporate entities in Memphis, Tennessee, Drake has not alleged any facts related to his § 1981 claim that took place in this district. Therefore, Drake's selection of forum is entitled to significantly less weight.

Moreover, the decreased emphasis on Drake's choice of forum is particularly relevant in this case because Drake faces filing restrictions in the Northern District of Texas, which may have informed his decision to file suit here instead. (*See, e.g.*, ECF No. 71, at 3 ("[I]f the Court transfers the above cause to the Northern District of Texas it would be immediately dismissed."); ECF No. 1, at 44–46 (discussing Drake's filing restrictions in the Eastern, Western, and Northern Districts of Texas).) Though Drake may believe he was wronged by the filing restrictions

imposed upon him, his apparent effort to circumvent them negatively impacts the weight

assigned to his venue choice.  *See, e.g.*, *Marks v. Torres*, 576 F. Supp. 2d 107, 112 (D.D.C.

2008) (collecting cases holding that a plaintiff may not use their venue choice as a "safe haven"

from filing restriction orders issued by another district court and that, in such a case, the

plaintiff's venue selection is entitled to little or no weight); *Kraft v. CRH PLC*, No. CV-21-

00154-PHX-SMB, 2021 WL 5299679, at *3 (D. Ariz. Nov. 15, 2021) (transferring a case under

§ 1404(a) to a district where the plaintiff was under filing restrictions and holding that, if the

plaintiff "objects to the [transferee court's] order, he must raise his issues with that court, not this

one—which further confirms the appropriateness of a transfer").  As such, deference to Drake's

choice of forum is insufficient in this case to overcome the public and private interests favoring

transfer, and transfer to the Northern District of Texas is warranted.

## **RECOMMENDATION**

For the foregoing reasons, the Court recommends that the Motion to Dismiss be granted

in part, but only with respect to its § 1404(a) venue transfer request, and that the case be

transferred to the United States District Court for the Northern District of Texas.  Because it is

recommended that this case be transferred to another District, the Court further recommends that

the Motion to Amend be denied without prejudice to refiling after the case has been transferred.

Respectfully submitted this 12th day of February, 2024.

s/Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

Within fourteen (14) days after being served with a copy of this report and recommendation
disposition, a party may serve and file written objections to the proposed findings and
recommendations.  A party may respond to another party's objections within fourteen (14)

days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Failure to file objections within
fourteen (14) days may constitute forfeiture/waiver of objections, exceptions, and further
appeal.