IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ERIC DRAKE, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
| v. | )   Case No. 2:21-cv-02636-JTF-atc |
| | ) |
| FEDEX GROUND PACKAGE SYSTEM, INC., et al., | ) |
| | ) |
|   Defendants. | ) |

**ORDER ADOPTING REPORT AND RECOMMENDATION TO TRANSFER VENUE AND DENY WITHOUT PREJUDICE MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT; DENYING MOTION FOR RECUSAL**

Before the Court are two matters. First is the Magistrate Judge's Report and Recommendation ("R&R") on Defendants FedEx Ground Package System's ("FedEx Ground") Motion to Dismiss Plaintiff's Third Amended Complaint for Lack of Personal Jurisdiction and Improper Venue, or in the alternative, Motion to Transfer Venue ("Motion to Dismiss"), and Plaintiff Eric Drake's Motion for Leave to File his Fourth Amended Complaint ("Motion to Amend"), submitted on February 12, 2024. (ECF No. 78.) FedEx Ground filed its Motion to Dismiss on March 14, 2023. (ECF No. 68.) Drake filed his Response on March 28, 2023, and FedEx Ground filed their Reply on April 11, 2023. (ECF Nos. 71 & 73.) Drake filed his Motion to Amend on March 28, 2023. (ECF No. 70.) FedEx Ground filed their Response on April 11, 2023. (ECF No. 72.) Both Motions were referred to the Magistrate Judge on September 1, 2023. (ECF No. 77.) Drake filed two documents which arguably constitute objections to the R&R on February 13, 2024 and February 23, 2024. (ECF Nos. 79 & 81.) FedEx Ground did not file any objections, and the time to do so has passed. Second is Drake's Motion to Recuse Magistrate

1

Judge Annie Christoff, filed on February 22, 2024. (ECF No. 80.) For the reasons set forth below, the R&R is **ADOPTED** and the Motion to Dismiss is **GRANTED IN PART**, the Motion for Leave to Amend is **DENIED WITHOUT PREJUDICE** and the Motion to Recuse is **DENIED**. This matter is **TRANSFERRED** to the United States District Court for the Northern District of Texas.

## I. REPORT AND RECOMMENDATION

### A. Standard of Review

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2). However, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes. The district court is not required to review, and indeed "should adopt[,] the findings and rulings of the Magistrate Judge to which no specific objection is filed." *Brown v. Bd. of Educ. of Shelby Cty. Sch.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

2

### B. FINDINGS OF FACT

The R&R's Findings of Fact are an accurate representation of the facts and are hereby **ADOPTED**. These findings are summarized in relevant part below. Neither party objects to the Findings of Fact.

Drake filed his initial Complaint on October 7, 2021. (ECF No. 1.) On December 5, 2022, the Court entered an Order Adopting, Modifying, and Rejecting in Part a prior R&R ("the Prior Order") that addressed multiple motions, including a Motion to Dismiss the Amended Complaint (*See* ECF No. 51 (ruling on ECF No. 40).) In the Prior Order, the Court recounted the facts of this case which remain the same as of the date of this Order's entry:

> Drake's complaints stem from an interaction he had with Cole Brewster, who Drake asserts was delivering packages for FedEx on December 16, 2020, in Dallas, Texas. Drake alleges he arrived at a UPS store to retrieve a package that was to be delivered there by FedEx, and that he approached Brewster, who was driving a FedEx branded truck, to see if the package was in the truck. After some initial dismissiveness, Drake followed Brewster into the store and picked up a package, although not the one he had been expecting. Upon exiting the store, Brewster became belligerent, calling Drake "nigger" and "crusty old nigger" and threatening him physically while assuming a "fighting stance." Drake eventually walked away, put the package in his vehicle, and went back to collect the license plate information from the truck, at which point Brewster continued to harass Drake with racist language and threats. Drake reported the incident at a FedEx location in Mesquite, Texas, and sent an email to [then] Defendant Frederick Smith about the incident, but never received a response. Drake asserts that he is owed . . . damages because of the incident, due to his contract with FedEx to deliver a package to him and because he paid FedEx to deliver his package and the services thereof, but FedEx violated that contract.

(*Id.* at 7 (citations omitted).) At the time of the Prior Order, and as alleged from the Second through the proposed Fourth Amended Complaint, the events giving rise to this suit occurred in Texas. (*Id.* at 18.) Brewster was presumably a resident of Texas, and Drake is allegedly a Georgia resident who uses a P.O. Box in Texas as his mailing address. (*Id.*) It is not clear where the alleged contract to deliver the package was made, but it was likely also in Texas because the package was to be delivered there, and Drake was present to receive it. (*Id.*) The Court therefore

found that Texas law governed Drake's state law claims in the Prior Order because it was the state with the most significant relationship to the events at issue. (*Id* at 18-19.)

### C. FINDINGS OF LAW

As stated above, a district judge should adopt the findings and rulings of the magistrate judge to which no specific objection under Fed. R. Civ. P. 72(b) is filed. *Brown*, 47 F. Supp. 3d at 674. Drake does not specifically object to the Magistrate Judge's legal finding that this case should be transferred to the U.S. District Court for the Northern District of Texas. In fact, he concedes this in his first filing in response to the R&R, claiming that "the [Magistrate Judge] should have possibly transferred to the Court in that jurisdiction." (ECF No. 79, 2.) Nevertheless, the Court considers the legal findings and Drake's objections below.

FedEx Ground seeks to have this case transferred to the Northern District of Texas pursuant to 28 U.S.C § 1404(a). (ECF No. 68.) The Magistrate Judge found that even if the Court were able to exercise general or specific personal jurisdiction over FedEx Ground and venue were proper, transfer to the Northern District of Texas would still be warranted under 28 U.S.C § 1404(a). (ECF No. 78, 4-5.) 28 U.S.C § 1404(a) permits a district court to transfer a civil action to any other district where it might have been brought "for the convenience of parties and witnesses" and "in the interests of justice." A district court has broad discretion in deciding whether to transfer venue, and the party seeking a transfer under § 1404(a) "bears the burden of demonstrating by a preponderance of the evidence that transfer to another district is warranted." *Goode v. City of Southaven*, No. 2:16-cv-02029-SHM, 2017 WL 11316500, at *7 (W.D. Tenn. Mar. 30, 2017) (quoting *United States v. Gonzales & Gonzalez Bonds & Ins. Agency, Inc.*, 677 F. Supp. 2d 987, 991 (W.D. Tenn. 2010)). "Under the preponderance standard, 'the movant must show that the forum to which he desires to transfer the litigation is the more convenient one *vis a*

4

*vis* the plaintiff's initial choice.'" *Id.* (quoting *Roberts Metals, Inc. v. Fla. Props. Mktg. Grp., Inc.*, 138 F.R.D. 89, 93 (N.D. Ohio 1991)). "The plaintiff's choice of forum will be given deference unless the defendant makes an appropriate showing." *Id*. (citation omitted).

### i. Personal Jurisdiction and Venue in the Transferee District

"In determining whether to transfer a case under § 1404(a), the court must first determine whether the claim could have been brought in the transferee district." *Id*. (*quoting B.E. Tech., LLC v. Facebook, Inc.*, 957 F. Supp. 2d 926, 929 (W.D. Tenn. 2013)). "This generally means that the plaintiff has to have had the right to bring its case in the transferee district, which would require proper venue and personal jurisdiction over the defendants in the transferee district." *Id*. (quoting *Gonzales*, 677 F. Supp. 2d at 992 (quotation marks omitted)).

The Magistrate Judge found that the Northern District of Texas could exercise specific personal jurisdiction over FedEx Ground given that it had purposely availed itself of doing business in Texas, the events giving rise to this suit occurred there, and the exercise of jurisdiction would be fair and reasonable. (ECF No. 78, 6-7.) The Magistrate Judge also points out that FedEx Ground conceded to personal jurisdiction and venue in the Northern District of Texas by requesting transfer to that district. (*Id.* at 7 (quoting 28 U.S.C. § 1391(c)(2)) ("an entity 'shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . .'").) Hence, the Magistrate Judge found that the case could have been brought in the Northern District of Texas because that court can exercise personal jurisdiction over FedEx Ground, and venue is proper.

Neither party objected to the above finding. The Court therefore **ADOPTS** it.

### ii. Balancing Private and Public Interest Factors under § 1404(a)

Upon determining that the Northern District of Texas would have personal jurisdiction over FedEx Ground and that venue would be proper there, the Magistrate Judge turned to the next step of the 28 U.S.C § 1404(a) inquiry which entails a consideration of "whether party and witness 'convenience' and 'the interest of justice' favor transfer to the proposed transferee district." *Goode*, 2017 WL 11316500, at *7. "A district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Id*. (quoting *Moses v. Bus. Card Express, Inc.*, 929 F. 2d 1131, 1137 (6th Cir. 1991)). Private-interest factors include:

> (1) the convenience to the parties; (2) the convenience of witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; and (6) the practical problems indicating where the case can be tried more expeditiously and inexpensively.

*Id.* (quoting *Smith v. Kyphon, Inc.*, 578 F. Supp. 2d 954, 962 (M.D. Tenn. 2008)). Factors relevant to public-interest concerns include: "(1) the enforceability of the judgment; (2) practical considerations affecting trial management; (3) docket congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law." *Id.* (quoting *Smith*, 578 F. Supp. 2d at 962). "A court 'may consider any factor that may make any eventual trial easy, expeditious, and inexpensive.'" *Id*. (*Nisby v. Barden Miss. Gaming, LLC*, No. 2:06-cv-02799-SHM, 2007 WL 6892326, at *5 (W.D. Tenn. Sept. 24, 2007)). However, "[t]he convenience of the parties and witnesses is widely viewed as the most important factor." *St. Jude Hosp. v. Trs. of Univ. of Pa.*, No. 2:12-cv-02579, 2012 WL 13028121, at *3 (citation omitted).

The Magistrate Judge found that this case had no connection to the Western District of Tennessee. (ECF No. 78, 9.) By contrast, she concluded that the case had a significant connection to the Northern District of Texas. (*Id.*) More specifically, she found that the package was to be delivered in Dallas, Texas, Drake was physically present to receive it, and any potential witnesses or evidence would likely also be in Dallas, Texas, because all events giving rise to this suit occurred there. (*Id.*) The Magistrate Judge found that the only public interest factor that was applicable, the local interest in deciding local controversies at home, favored the transfer of this case to the Northern District of Texas because all the events occurred there. (*Id.* at 10.)

Last, the Magistrate Judge considered whether Plaintiff was entitled to deference on his choice of forum. (*Id.* at 11.) "[T]he plaintiff's choice of forum is entitled to significantly less weight where the forum has little connection with the matter in controversy." *St. Jude*, 2012 WL 13028121. She found that Drake's selection of forum is entitled to significantly less weight because he has not alleged any facts related to his pending § 1981 claim that took place in this district. (*Id.*) The Magistrate Judge indicated that Drake faces filing restrictions in every federal and state district court in Texas, and considered that this may have informed his decision to file the case here. (*Id.*) If this is true, then the Court would be even less deferential to his choice of forum. *See, e.g., Marks v. Torres*, 576 F. Supp. 2d 107, 112 (D.D.C. 2008) (collecting cases holding that a plaintiff may not use their venue choice as a "safe haven" from filing restriction orders issued by another district court and that, in such a case, the plaintiff's venue selection is entitled to little or no weight). Finding no other reason for Drake's decision to bring his case in this District Court, the Magistrate Judge determined that he was not entitled to deference on his choice of forum.

7

Consistent with the above, the Magistrate Judge concluded that the private and public interest factors under § 1404(a) favored transferring this case to the Northern District of Texas. She therefore recommends that the case be transferred, and that Drake's Motion for Leave to Amend be denied without prejudice.

### iii. Drake's February 13, 2024 Objections

In his first responsive filing entitled "Plaintiff's Response to the Magistrate Report," Drake states that he never consented to submit to the Magistrate Judge and alleges that Magistrate Judge Christoff conspired with FedEx Ground to protect them from suit. (ECF No. 79, 1-2.) He then threatens to sue Magistrate Judge Christoff if the case is transferred. (*Id.* at 2.) Last, he demands that the Court hold an evidentiary hearing on his Texas filing restrictions. (*Id*.)

The Court will not be holding an evidentiary hearing on the propriety of a filing restriction that a different district court in a different circuit imposed. To the extent that anything in this filing constitutes an objection to Magistrate Judge Christoff's R&R, it is **OVERRULED**. The Court only requires the Parties' consent to refer the case to a Magistrate Judge "to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c)."[1] Here, the Court referred the two pending Motions to the assigned Magistrate Judge for Report and Recommendation in accordance with 28 U.S.C. § 636. (ECF No. 77, 1.) The Court may refer motions for Report and Recommendation under 28 U.S.C. § 636 regardless of the Parties' consent. What remains of this filing are conspiratorial allegations that the Court is not inclined to entertain.

---

[1] NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE https://www.tnwd.uscourts.gov/sites/tnwd/files/AO_085.pdf (last visited February 27, 2024).

### iv. Drake's February 23, 2024 Objections

In his second filing, Drake suggests that Magistrate Judge Christoff was somehow responsible for the September 11 attacks, that she has involved herself in a Ku Klux Klan-esque conspiracy to restrict African Americans' access to the courts, and demands that the undersigned, as an African American Judge, protect him from this conspiracy. (ECF No. 81, 2 & 16.) Specifically, he requests that the undersigned do the following:

(1) retaining the case on his docket;
(2) ordering discovery regarding jurisdiction and venue; such discovery include both written and oral depositions of any FedEx employees;
(3) agree to remove Magistrate Judge Christoff from the above cause and that all future hearings, rulings, and trials will come before the district judge only;
(4) conduct an evidentiary hearing on the subject of the alleged prefiling restriction that Christoff referred to in her report;
(5) order the case to mediation after reasonable discovery has been taken to establish that the evidence of the videos and audiotapes are genuine; and
(6) if mediation is not successful, try the case on the merits.

(*Id.* at 19.) Drake then requests that if this case is transferred, it should be transferred to the Western District of Pennsylvania, where FedEx is headquartered. (*Id.* at 4.) Still, he contends that there are "too many questions in regards to jurisdiction that can be answered by discovery before the Court ships the above cause to its death and dismissal in the Northern District of Texas." (*Id.* at 12.) He then includes a screenshot of the Northern District of Texas pre-filing restriction that reads in pertinent part:

> ORDER that plaintiffs cause of action is DISMISSED WITHOUT PREJUDICE and FURTHER ORDERED that Eric Drake is PROHIB[ited from proceeding *in*] *forma pauperis* with any civil action in this court – whether he filed it in this court or another court and it was removed, or he filed in a . . . transferred to this court UNLESS he first obtains from a district judge of this court leave to proceed *in forma pauperis* by requesting leave.

(*Id.* at 22.)

The Court again declines to entertain Drake's suggestions that Magistrate Judge Christoff is involved in a terrorist or racist conspiracy. The only salvageable objection Drake raises in this

9

filing relates to his claim that this case should be transferred to the Western District of Pennsylvania. Drake did not raise this forum as a possibility previously. Although this alternative forum might satisfy the venue and personal jurisdiction requirements for the purposes of transfer under § 1404(a), the Court acknowledges that transfer to that district court—just like the filing of this case in this Court—is nothing more than an attempt to circumvent the Northern District of Texas filing restriction. At the outset, it is readily apparent that Drake knows that this case should have been brought in the Northern District of Texas, the district in which all the events giving rise to this suit occurred. The crux of this dispute is whether this Court is obligated to open its doors to Drake and his case despite having no connection to the underlying dispute, just because the proper forum has determined that Drake has repeatedly burdened the courts with frivolous filings,[2] and now requires that he seek leave of court before commencing suits. (*Id.*) The Court is under no such obligation and declines to help Drake game his way out of seemingly proper filing restrictions.

Accordingly, Drake's objections to the R&R are **OVERRULED** and the R&R is **ADOPTED** in full.

## II.   Motion to Recuse

The Court next turns to Drake's Motion to Recuse Magistrate Judge Annie Christoff, filed on February 22, 2024. (ECF No. 80.) A judge is presumed impartial, and the party seeking disqualification "bears the substantial burden of proving otherwise." *Scott v. Metropolitan*

---

[2] *See, e.g., Drake v. Travelers Commercial Ins. Co.*, CV4:20-099, doc. 5 (S.D. Ga. May 8, 2020) (collecting several of Drake's frivolous suits); *see also Drake v. Travelers Indem. Co.*, No. 20-40492, 2022 WL 4138355, at *1 (5th Cir. Apr. 28, 2022) (collecting cases and documenting Drake's history of filing "frivolous, vexatious, harassing, or repetitive litigation"); *Drake v. 7-Eleven Inc.*, CV419-208 (S.D. Ga. Jun. 26, 2020) (noting that Drake had filed more than 100 cases in federal courts over the last two decades and in the last two years, Drake has claimed to be domiciled in Charleston, West Virginia, Saint Simmons, Georgia, Grand Prairie, Texas, Baltimore, Maryland, and Savannah, Georgia); *Drake v. Trump*, No. 19-CV-9335 (CM), 2019 WL 5551879, at *2 (S.D.N.Y. Oct. 28, 2019) (dismissing Drake's claim against then President Trump as frivolous).

*Health Corp.*, 234 F. App'x 341, 352 (6th Cir. 2007) (quoting *United States v. Denton*, 434 F.3d 1104, 1111 (8th Cir. 2006)). 28 U.S.C. § 144, entitled Bias or prejudice of judge, provides that:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any other adverse part, such judge shall proceed no further therein…. The affidavit shall state the facts and reasons for the belief that the bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. Under 28 U.S.C. § 455, any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. That statute discusses additional circumstances in which recusal is warranted, which largely pertain to situations where the judge is related to a lawyer or party in a proceeding. *See* 28 U.S.C. § 455(b).

   Drake's 25-page Motion is devoid of factual allegations that would convince a reasonable person that Magistrate Judge Christoff is biased or prejudiced against him, or that there is an appearance of bias, prejudice, or impropriety in this Court. In short, Drake claims that Magistrate Judge Christoff is referred many cases involving FedEx, and her rulings in those cases are favorable to FedEx. (ECF No. 80, 6-7.) The Court cannot conclude from this that FedEx has "a magistrate in its pocket" as Drake contends. (*Id.* at 7.) Furthermore, Drake neglects a simpler and more plausible explanation for this observed phenomenon. FedEx is the largest employer in Memphis, Tennessee, and as such, appears as a party in a substantial number of cases on every judge's docket, including that of the undersigned. The Court draws no inferences about Magistrate Judge Christoff's dispositions on those cases because Drake has given no reason for it to doubt the propriety of those rulings.

11

For the reasons stated above, Drake's Motion to Recuse Magistrate Judge Christoff is **DENIED**.

### III. CONCLUSION

Consistent with the foregoing the R&R is **ADOPTED** and the Motion to Dismiss is **GRANTED IN PART**, the Motion for Leave to Amend is **DENIED WITHOUT PREJUDICE** and the Motion to Recuse is **DENIED**. This matter is **TRANSFERRED** to the United States District Court for the Northern District of Texas.

**IT IS SO ORDERED** this 5th day of March, 2024.

<u>s/John T. Fowlkes, Jr.</u><br>
JOHN T. FOWLKES, JR.<br>
UNITED STATES DISTRICT JUDGE